UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL BRYON BREWER,

        Plaintiff,

v.

STATE OF OHIO, CRYSTAL ROBERTS,
DEBBIE McDERMOTT, and
NANCY BREWER,

        Defendants.
_____/

Case No. 1:23-cv-874

Hon. Hala Y. Jarbou

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiff Paul Bryon Brewer. For the reasons set forth below, this complaint should be dismissed.

**I.**    **Discussion**

Plaintiff Brewer has filed a form complaint in this Court against defendants the State of Ohio, Crystal Roberts ("Step Daughter"), Debbie McDermott ("manager at Lorain County Children Services" in Elyria, Ohio), and Nancy Brewer ("ex wife"). Compl. (ECF No. 8, PageID.33-35). Plaintiff did not include the addresses of defendants Roberts or Brewer. Plaintiff did not include his own address on the complaint. According to the return address of his envelope, plaintiff lives in Connellsville, Pennsylvania. The Clerk's Office has identified plaintiff as the same Paul Bryon Brewer who is the plaintiff in *Paul Bryon Brewer v. United States Government, et al.*, 1:23-cv-866, and *Paul Bryon Brewer v. Barack Obama*, 1:23-cv-875.

In his present lawsuit, Brewer identifies his claim as a 42 U.S.C. § 1983 claim brought against state or local officials for violating "all the Bill of rights". Compl. at PageID.35.

Brewer alleged that the incident at issue occurred in 2002, when he and defendant Roberts "got into a physical fight". *Id*. at PageID.36. Roberts called the police reporting that plaintiff tried to rape her, defendant "Debbie McDermott put her up to saying it" and defendant "Nancy Brewer knows the truth she was telling it all over Jackson, TENN." *Id*. For his injuries, Brewer alleged that "I spent 9 years all together in prison for something I didn't do." *Id*. at PageID.37. For his relief, Brewer wants "all of the Ohio state." *Id*.

The Court should dismiss this frivolous complaint for lack of subject matter jurisdiction. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

In *Paul Bryon Brewer v. United States Government*, 1:23-cv-01860 (UNA), 2023 WL 4762585 at *1 (D.D.C. July 21, 2023), the court addressed the legal standard for dismissing a frivolous complaint:

> A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981). . . .
>
> This Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). So a court is obligated to dismiss a complaint as frivolous "when the facts alleged rise

> to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08. The instant complaint falls squarely into this category. In addition to failing to state a claim for relief or establish this Court's jurisdiction, the complaint is frivolous on its face.

*Brewer*, 2023 WL 4762585 at *1.

For these same reasons, plaintiff Paul Bryon Brewer's frivolous complaint demanding "all of the Ohio state" is attenuated, unsubstantial, frivolous and devoid of merit and should be dismissed for lack of subject matter jurisdiction.

## II. RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated:  August 29, 2023                    /s/ Ray Kent
                                           RAY KENT
                                           United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).